```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

PETER CLARK,                       §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   C.A. NO. H-06-2230
                                   §
EMERGENCY MEDICAL TECHNICIAN       §
ATTENDANT SIGIFREDO ORTIZ,         §
Individually, AND CITY OF          §
PEARLAND, TEXAS,                   §
                                   §
          Defendants.              §
```

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause is a motion to dismiss (#16) *pro se* Plaintiff Peter Clark's complaint, filed by Defendants the City of Pearland, Texas and Emergency Medical Technician Attendant Sigifredo Ortiz in his individual capacity. Plaintiff has failed to file a response.

Plaintiff's complaint, grounded in 42 U.S.C. § 1983, recites that after he was temporarily incarcerated in the Pearland jail for public intoxication, he experienced chest pains, dizziness and hyperventilation. He complains that jail personnel laughed at him and mocked him. Finally Ortiz and another EMT from Pearland Emergency Medical Services transported him by ambulance to Memorial Herman Southeast Hospital, but along the way Ortiz verbally harassed and taunted Plaintiff, calling him *inter alia* a faker and "a bitch, pussy, and a mother-fucker," and complained that

Plaintiff was "wasting his fucking time." Plaintiff claims "a constitutional right to be free of unprofessional, harassing, outrageous, inhumane, vulgar, derogatory, cruel & unusual, and threatening conduct, while under the medical care of Defendant." He does not allege inadequate medical care, excessive force, or physical harm.

It is established law in this Circuit that "'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), *quoting Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless plaintiff is not entitled to relief under any set of facts that he could prove consistent with the complaint. *Chauvin v. State Farm Fire & Cas. Co.*, ___ F.3d, ___, No. 06-30946 and 07-30033, 2007 WL 2230724, *2 (5th Cir, Aug. 6, 2007). The Court must view all well pleaded facts as true and view them in a light most favorable to plaintiff. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

Defendants move to dismiss the complaint on the grounds that Ortiz has qualified immunity from suit and that Plaintiff's claims of verbal abuse and harassment fail to state a claim of a constitutional violation. This Court agrees that there is no actionable claim alleged here.

To state a claim cognizable under § 1983, a plaintiff must allege the deprivation of a right secured by the federal

Constitution or the laws of the United States by a defendant acting under color of state law. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). It is well established that claims by individuals incarcerated in jail or prison of verbal abuse, ridicule, and threatening language are not actionable under § 1983 because they do not amount to constitutional violations. *Id.* at 374. *See also Bender v. Berry*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)("Mere allegations of verbal abuse do not present actionable claims under § 1983."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)("[A]s a rule, mere threatening language and gestures of a custodial officer do not, even if true, do not amount to a constitutional violation."), *cert. denied*, 464 U.S. 998 (1983).

Accordingly the Court

ORDERS that Defendants' motion to dismiss is GRANTED and this case is DISMISSED with prejudice.

**SIGNED** at Houston, Texas, this 12th day of September, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE